**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LABORERS' PENSION FUND and ) | | |
| LABORERS' WELFARE FUND OF THE ) | | |
| HEALTH AND WELFARE DEPARTMENT ) | | |
| OF THE CONSTRUCTION AND GENERAL ) | | |
| LABORERS' DISTRICT COUNCIL OF ) | Case No. 11-C-1331 | |
| CHICAGO AND VICINITY, and JAMES S. ) | | |
| JORGENSEN, Administrator of the Funds, ) | | |
| ) | | |
| Plaintiffs, ) | Judge Gettleman | |
| v. ) | | |
| BRANDONISIO CONSTRUCTION ) | | |
| CORPORATION, an Illinois corporation *f/k/a* ) | JURY TRIAL DEMANDED | |
| BRANDONISIO CONSTRUCTION COMPANY, ) | | |
| and VITO BRANDONISIO, individually, ) | | |
| ) | | |
| Defendants. ) | | |

**ANSWER TO FIRST AMENDED COMPLAINT**

NOW COME the Defendants, BRANDONISIO CONSTRUCTION CORPORATION ("BCC"), BRANDONISIO & COMPANY ("B&C") and VITO BRANDONISIO ("BRANDONISIO"), and for their Answer to Plaintiffs' First Amended Complaint, states as follows:

**COUNT I**

**(Default on Note)**

Defendants, Brandonisio Construction Corp., f/k/a Brandonisio Construction Company and Vito Brandonisio answer as follows:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(l) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

    **ANSWER:**    Admit.

    2.    Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

    **ANSWER:**    Admit.

    3.    The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

    **ANSWER:**    Defendants admits the Funds have offices and conduct business within this District. Defendants have insufficient knowledge to admit or deny the remaining allegations made in this paragraph.

    4.    Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1 002(21 )(A).

**ANSWER:** Defendants admit that Jorgensen is the Administrator of the Pension and Welfare Funds. Defendant has insufficient knowledge to admit or deny the remaining allegations.

5. Defendant Brandonisio Construction Corporation, f/k/a Brandonisio Construction Company, (hereinafter "Brandonisio Construction" or the "Company") is an Illinois corporation. At all times relevant the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER:** Admit.

6. Defendant Vito Brandonisio ("Brandonisio") is and was at all times and officer and shareholder of the Company.

**ANSWER:** Admit..

7. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to the most recent of which became effective June 1, 2010 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A).

**ANSWER:** Admit.

8. On or about January 17, 2007, the Company entered into Participation Agreements for Non-Bargaining Employees with the Pension and Welfare Funds obligating the Company to submit contributions on behalf of Independent Self Contributor ("ISC") Vito Brandonisio in accordance with the terms of those Agreements and the Funds respective

Agreements and Declarations of Trust. Copies of those Agreements are attached hereto as Exhibits B and C.

**ANSWER:** Admit.

9. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund (MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

**ANSWER:** Defendants have insufficient knowledge to admit or deny the allegations made in this paragraph.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the Training Fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

**ANSWER:** Admit.

11. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER:** Defendants admit that the Agreement and the Funds' respective Agreements and Declaration of Trust require the Company to submit its books and records to the Funds for an audit to determine benefit contribution compliance. Defendant has insufficient knowledge to admit or deny the remaining allegations made in this paragraph.

12. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

**ANSWER:** Defendant denies that the Company is obligated to obtain and maintain a surety bond.

13. On or about August 3, 2010, the Company entered into an Installment Note ("Note") to pay certain amounts due to the Funds for the revised audit for the period of March 1, 2008 through December 31, 2009. A true and accurate copy of the Note is attached hereto as Exhibit D. Simultaneously with the execution of the Note, Defendant Brandonisio signed a Guaranty of Payment and Indemnification Agreement ("Guaranty") agreeing to personally guaranty the amounts due on the Note. A true and accurate copy of the Guaranty is attached hereto as Exhibit E. Paragraph 1 of the Guaranty provides in relevant part:

> The Guarantor also agrees to be personally liable for all monthly benefit contributions, union dues and/or wages owed from the Company to the Funds, the District Council, all ancillary funds, and/or the participants that are due at the time the Note and Guaranty are entered into and/or are incurred and become due and owing for the duration of the Note, including all interest, liquidated damages, audit costs, attorneys' fees and costs.

**ANSWER:** Admit.

14. The Note is in default. Specifically, the Company has failed to make timely payments due on the Note for the January and February 2011 installments. Further, the Company failed to submit and pay current benefit and dues reports and contributions. Accordingly, Defendants owe the accelerated amounts due under the Note including all interest and liquidated damages accrued.

**ANSWER:** Defendants admit the Note is in default and that the Company has failed to make timely payments. Defendant admits that the Company failed to pay certain benefit and dues report and contributions but denies that it is currently obligated to submit benefit and dues reports. Defendant denies that it owes all of the accelerated amounts due under the Note because payments have been made and/or applied toward the Note.

15. The Company's failure to submit payment of benefit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:** Defendant admits that any contributions which are found to be unpaid violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185. Defendants deny the remaining allegations made in this paragraph.

16. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Funds' respective Trust Agreements, the Note, and the Guaranty, the Defendants are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:** BCC admits that it is liable to the Funds for certain unpaid contributions found due, if any, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, and reasonable and necessary attorneys' fees and costs. BCC denies the remaining allegations made in the Paragraph. VB denies the allegations made in this Paragraphs.

**WHEREFORE,** Defendant respectfully prays this Court dismiss Count I of Plaintiffs' First Amended Complaint and for such other relief deemed just and equitable.

## COUNT II

### (Failure To Submit Benefit Contributions)

Defendants, Brandonisio Construction Corp., f/k/a Brandonisio Construction Company and Vito Brandonisio, answer as follows:

17. Plaintiffs reallege paragraphs 1 through 16 of Count 1.

**ANSWER:** Defendants reallege and incorporate their answers to Paragraphs 1 through 16 of Count I for its answer to this paragraph.

18. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to report and/or pay $250,867.57 in contributions owed to Plaintiff Laborers' Pension Fund for the period of January 1, 2010 through December 31, 2011 (a copy of the audit is attached hereto as Exhibit F), thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

  **ANSWER:** Defendants deny these allegations.

 (b) failed to report and/or pay $306,033.95 in contributions owed to Plaintiff Welfare Fund of the Health Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2010 through December 31, 2011, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

  **ANSWER:** Defendants deny these allegations.

 (c) failed to report and/or pay $12,904.87 in contributions owed to Laborers' Training Fund for the audit period of January 1, 2010 through December 31, 2011, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

  **ANSWER:** Defendants deny these allegations.

 (d) failed to report and/or pay $2,054.96 in contributions owed to CCA Fund for the audit period of January 1, 2010 through December 31, 2011, thereby depriving the CCA Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

  **ANSWER:** Defendants deny these allegations.

 (e) failed to report and/or pay $2,348.48 in contributions owed to LECET Fund for the audit period of January 1, 2010 through December 31, 2011, thereby depriving the LECET Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

  **ANSWER:** Defendants deny these allegations.

(f) failed to report and/or pay $3,522.76 in contributions owed to LDCLMCC Fund for the audit period of January 1, 2010 through December 31, 2011, thereby depriving the LDCLMCC Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

**ANSWER:** Defendants deny these allegations.

(g) failed to obtain and maintain a surety bond in accordance with the terms of the Agreement.

**ANSWER:** Defendants deny that the Company is obligated to obtain and maintain a surety bond.

19. Under the terms of the Agreements and the Funds' respective Agreements and Declarations of Trust, the Company owes ten percent liquidated damages (twenty percent liquidated damages on Pension, Welfare and Training contributions after June 1, 2007) plus interest on all late or unpaid contributions. Accordingly, the Company owes $50,173.51 in liquidated damages to the Pension Fund, $61,206.79 in liquidated damages to the Welfare fund, $2,580.96 in liquidated damages to the Training Fund, $352.28 in liquidated damages to the LDCLMCC Fund, $205.50 in liquidated damages to the CCA Fund, and $234.85 in liquidated damages to the LECET Fund, plus interest, on the late paid contributions for the period of January 1, 2010 through December 31, 2011.

**ANSWER:** Defendants deny these allegations.

20. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit which reveals

delinquencies. Accordingly, the Company owes $1,890.00 in audit costs to the Funds for the audit for the period of January 1, 2010 through December 31, 2011.

    **ANSWER:**    Defendants deny the Company is liable for the costs of any audit of $1,890.00. Defendants have insufficient knowledge to admit or deny the remaining allegations.

    21.    The Company's failure to submit payment of benefit contributions and obtain and maintain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

    **ANSWER:**    To the extent any contributions are found to be owed by the Company, Defendant admits then that the Company's failure to pay such contributions violates Sections 515 of ERISA and Section 301 of the LMRA. Defendants deny the remaining allegations made in this Paragraph.

    22.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, The Funds' respective Trust Agreements, and the Guaranty, the Defendants are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions required under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, accumulated liquidated damages and interest on late reports, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

    **ANSWER:**    To the extent any contributions are found due, Defendants admit that the Company are liable for them, interest, liquidated damages, reasonable and necessary attorneys fees and costs pursuant to Section 502 (g)(2) of ERISA, Section 301 of the LMRA, and the Trust Agreements. Defendants deny the remaining allegations of this Paragraph.

**AFFIRMATIVE DEFENSE.**

1.  Any promise and/or guarantee of VB, if any, for payment of contributions and/or dues that were not due at the time he signed the Guaranty lacks consideration.

**WHEREFORE,** Defendants respectfully pray this Court dismiss Count II of Plaintiffs' First Amended Complaint and for such other relief deemed just and equitable.

**COUNT III**

**(Failure To Submit Dues)**

Defendant, Brandonisio Construction Corp., f/k/a Brandonisio Construction Company and Vito Brandonisio answers as follows:

23.  Plaintiffs reallege paragraphs 1 through 16 of Count 1.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 16 of Count I for their answer to this paragraph.

24.  Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

**ANSWER:** Defendants have insufficient knowledge to admit or deny these allegations.

25.  Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit and pay $28,499.99 in dues that were or should have been withheld from the wages of its employees performing covered work for reports for the period of January 1, 2010

through December 31, 2011, thereby depriving the Union of income and information necessary to determine dues submission compliance.

**ANSWER:** Defendants deny these allegations.

26. Pursuant to the Agreement and the Guaranty, Defendants are liable to the Funds for the unpaid union dues, 10 percent liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:** Defendant denies these allegations.

1. Any promise and/or guarantee of VB, if any, for payment of contributions and/or dues that were not due at the time he signed the Guaranty lacks consideration.

**WHEREFORE,** Defendants respectfully pray this Court dismiss Count III of Plaintiffs' First Amended Complaint and for such other relief deemed just and equitable.

## COUNT IV

### (Fraud)

Defendant, Brandonisio Construction Corp., f/k/a Brandonisio Construction Company and Vito Brandonisio answers as follows:

27. Plaintiffs Funds and Union reallege paragraphs 1 through 16 of count I, paragraphs 18 through 22 of Count II, and paragraphs 24 through 26 of Count III.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 16 of Count I, paragraphs 18 through 22 of Count II, and paragraphs 24 through 26 of Count III as their answers to this Paragraph.

28. Defendant Brandonisio intentionally caused the Company to submit benefit and dues reports that falsely indicated that the Company had no work to report to the Funds and the Union for the period of January 2010 forward.

**ANSWER:** Defendants deny the allegations made in this Paragraph.

29. Signatory contractors are required to submit monthly benefit contribution reports on the tenth day of the month following the month in which covered work was performed identifying the numbers of hours worked by individuals who perform covered work under the terms of the Agreements. Those benefit report forms provide in relevant part:

> **EMPLOYER'S WARRANTY AND ACCEPTANCE:** The undersigned employer hereby warrants that this report accurately states all hours worked by all laborers in its employ. In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Construction and General Laborers' District Council of Chicago and Vicinity and the relevant Multi Employer Associations. Further, the undersigned hereby expressly accepts and agrees to be bound by the trust agreements governing the Laborers' Pension and Welfare, et al. and accepts all of the terms thereof with the intention of providing benefits to its laborers.

**ANSWER:** Admit.

30. The dues report forms also contain a warranty clause which provides:

> **EMPLOYER'S WARRANTY AND ACCEPTANCE:** By the submission of this report, Employer expressly warrants and affirms that this report accurately states all hours worked by the Employer's laborer employees. By signing this report, the Employer hereby accepts, adopts and agrees to be bound by the terms and conditions of the Independent Construction Industry Collective Bargaining Agreement with the Construction and General Laborers' District council of Chicago and Vicinity (the "Union") and any extension, renewal, modification or amendment of that Agreement.

**ANSWER:** Admit.

31. Defendant Brandonisio directed, authorized and caused the Company to submit false benefit report forms and false dues report forms for the period of January 2010 forward

failing to identify individuals who performed covered work for the Company as reflected in the audit set forth in Counts II and III. True and accurate copies of the benefit and dues report forms submitted by the Company at the direction of Defendant Brandonisio during the relevant time period are attached hereto as Group Exhibit G.

**ANSWER:** Defendants admits that th deny that the report forms are benefit and dues report forms are true and accurate copies. Defendants deny the remaining allegations.

32. The Funds and the District Council relied to their detriment on the false reports submitted by the Company. Specifically, if the District Council had been aware that the Defendants had failed to pay and report the proper wages, dues and benefit contributions for work performed on Sanchez Paving projects, the District Council would have taken all lawful steps permitted under the Agreements including, but not limited to, taking job actions against the Companies and filing the appropriate lawsuit. If the Funds had been aware that the Defendant had failed to pay and report the proper wages, dues and benefit contributions, the funds would have been precluded from crediting hours for the incomplete reports submitted by the Defendants and would have commenced the appropriate lawsuit at an earlier date. Thus, by submitting false reports, Defendant Brandonisio enabled the Company to continue to operate resulting in a benefit to Defendants and increasing the liabilities owed by the Defendants to the Funds and the District Council.

**ANSWER:** Defendants deny these allegations.

33. The Funds, the District Council and the plan participants have suffered harm as a direct result of the false benefit and dues reports submitted by the Defendants. Specifically, the

Funds and the District Council have incurred unpaid benefit contributions, dues, interest, liquidated damages and audit costs. The Funds have also provided benefit coverage to individuals based on the submission of the incomplete and false reports. Said coverage may not have been provided had the Funds been aware that the reports were false and incomplete. In the event that the Funds are unable to obtain full recovery of all amounts due from the Defendants, the Funds may become underfunded.

**ANSWER:** Defendants deny that the funds, district council and/or plan participants has suffered harm as direct result of benefit and due reports submitted. Defendants deny that the Funds have also provided benefit coverage to individuals based upon the submission of the alleged and incomplete and false reports. Defendants further deny that said alleged coverage may not have been provided had the Funds been aware that the reports were allegedly false and incomplete. Defendants have insufficient knowledge to admit or deny whether the Funds may become underfunded in the event that the Funds are allegedly unable to obtain full recovery of all amounts allegedly due from Defendants.

**AFFIRMATIVE DEFENSE.**

1. Any guarantee of VB, if any, for payment of contributions and/or dues that were not due at the time he signed the Guaranty lacks consideration.

**WHEREFORE,** Defendants respectfully pray this Court dismiss Count IV of Plaintiffs' First Amended Complaint and for such other relief deemed just and equitable.

## COUNT V

**(Alter Ego/Successor Liability)**

Defendant, Brandonisio Construction Corp., f/k/a Brandonisio Construction Company and Vito Brandonisio answers as follows:

34. Plaintiffs Funds and Union reallege paragraphs 1 through 16 of Count I, paragraphs 18 through 22 of Count II, paragraphs 24 through 26 of Count III, and paragraphs 28 through 33 of Count IV.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 16 of Count I, paragraphs 18 through 22 of Count II, paragraphs 24 through 26 of Count III, and paragraphs 28 through 33 of Count IV as their answer to this paragraph.

35. Brandonisio & Company was at times relevant an Illinois corporation. At all times relevant the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 u.s.c. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 1 85(c).

**ANSWER:** Admit.

36. Brandonisio & Company is an alter ego of and/or successor to Brandonisio Construction. Brandonisio & Company does the same type of work as Brandonisio Construction, employs some of the same employees of Brandonisio Construction including Dino Brandonisio who is listed as the Company's President, and uses the equipment formerly used by Brandonisio Construction. Brandonisio & Company is operated by Vito Brandonisio who has hired, fired and supervised employees on behalf of Brandonisio & Company and who is authorized to write checks on behalf of Brandonisio & Company. Brandonisio & Company was created and operated to avoid the existing obligations of Brandonisio Construction. As a result, Brandonisio

& Company is an alter ego of and/or a successor to Brandonisio Construction, is bound to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, and is liable for the amounts owed by Defendants as set forth in Counts I, II and III.

**ANSWER:** Defendants admit the following: Brandonisio & Company performs, in part, the same type of work as Brandonisio Construction, employ some of the same employees of Brandonisio Construction including Dino Brandonisio who is President of Brandonisio & Company, uses some of the equipment formerly used by Brandonisio Construction, Vito Brandonisio has supervised employees on behalf of Brandonisio & Company and Vito Brandonisio is authorized to sign checks on behalf of Brandonisio & Company. Defendants deny the remaining allegations of this paragraph.

37. As an alter ego of and/or successor to Brandonisio Construction, Brandonisio should be ordered to submit current benefit reports and contributions and submit to an audit from the Company's inception date forward to determine benefit contribution compliance.

**ANSWER:** Defendants deny the allegations of this paragraph.

38. Pursuant to the terms of the Guaranty, Defendant Vito Brandonisio is liable for any contributions, liquidated damages, interest, audit costs and attorneys' fees and costs owed by Brandonisio to the Funds

**ANSWER:** Defendants deny the allegations of this paragraph.

**AFFIRMATIVE DEFENSE.**

1. Any guarantee of VB, if any, for payment of contributions and/or dues that were not due at the time he signed the Guaranty lacks consideration.

**WHEREFORE,** Defendants respectfully pray this Court dismiss Count V of Plaintiffs' First Amended Complaint and for such other relief deemed just and equitable.

## COUNT VI

### (Alter Ego/Successor Liability)

Defendant, Brandonisio Construction Corp., f/k/a Brandonisio Construction Company and Vito Brandonisio, answers as follows:

39. Plaintiffs Funds and Union reallege paragraphs I through 16 of Count I, paragraphs 18 through 22 of Count II, paragraphs 24 through 26 of Count III, paragraphs 28 through 33 of Count IV, and paragraphs 35 through 38 of Count V.

**ANSWER:** Defendants reallege their answers to paragraphs 1 through 16 of Count I, paragraphs 18 through 22 of Count II, paragraphs 24 through 26 of Count III, paragraphs 28 through 33 of Count IV, and paragraphs 35 through 38 of Count V as their answer to this paragraph.

40. Notwithstanding the obligations imposed by the Agreement, the Brandonisio & Company has failed to submit and pay dues that were or should have been withheld from the wages of its employees performing covered work from its inception forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

**ANSWER:** Defendants deny the allegations in this paragraph.

41. Pursuant to the Agreement, and the Guaranty, Defendants are liable to the Funds for the unpaid union dues, 10 percent liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems

appropriate.

**ANSWER:** Defendants deny the allegations in this paragraph.

**AFFIRMATIVE DEFENSE.**

1. Any guarantee of VB, if any, for payment of contributions and/or dues that were not due at the time he signed the Guaranty lacks consideration.

**WHEREFORE,** Defendants respectfully pray this Court dismiss Count VI of Plaintiffs' First Amended Complaint and for such other relief deemed just and equitable.

**JURY DEMAND**

Defendants, jointly and severally, hereby demand a trial by jury.

Respectfully Submitted,

BRANDONISIO CONSTRUCTION CORP.,
VITO BRANDONISIO AND BRANDONISIO &
COMPANY

By: /s/ Joseph P. Berglund
One of Their Attorneys


Joseph P. Berglund
BERGLUND ARMSTRONG & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523
(630) 990-0234


J:\C-Drive\WPDOCS\BRANDONISIO CONSTRUCTION\Laborers\Answer to First Am. Complaint.wpd